**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRES F., | Civil Action No. 20-13231 (SDW) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | June 29, 2022 |
| Defendant. | |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Andres F.'s[1] ("Plaintiff") Motion to Reinstate a Previously Terminated Appeal, (D.E. 11); and

**WHEREAS** a plaintiff pursuing review of an Appeals Council's decision "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also Abulkhair v. Comm'r of the SSA*, 355 Fed. Appx. 603, 605 (3d Cir. 2009) (confirming that a plaintiff "ha[s] sixty days after receiving notice of the decision to seek judicial review of the Appeals Council's decision"). Of note, a presumed grace period of five days is added to the sixty-day period to account for the time it may take for the notice of decision to arrive in the mail. *Abulkhair*, 355 Fed. Appx. at 605 ("[The regulations establish a rebuttable conclusion that 'the date of receipt of the notice of . . . the decision of the Appeals Council shall be presumed to be five days after the date of such notice, unless there is a reasonable

---

[1] Plaintiff is identified only by his first name and last initial in this opinion, pursuant to Chief District Judge Freda Wolfson's Standing Order 2021-10, issued on October 1, 2021, *available at* https://www.njd.uscourts.gov/sites/njd/files/SO21-10.pdf.

showing to the contrary.'" (alteration in original) (quoting 20 C.F.R. § 422.210(c)). The time frame for appeal may only be "extended by the Commissioner upon a showing of good cause." 20 CFR 422.210(c); and

**WHEREAS** the Appeals Council denied Plaintiff's request for review on April 9, 2020. (*See* D.E. 1 at 3, 5, 9, 19.) Plaintiff filed his appeal Complaint with this Court on September 24, 2020.[2] (*See* D.E. 1.) After filing the Complaint, Plaintiff failed to prosecute the appeal. On April 6, 2021, this Court issued a Notice of Call for Dismissal pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff "fail[ed] to effect service of the summons and complaint within 90 days of the filing of the complaint." (D.E. 7.) Because Plaintiff did not reply to this Court's notice, on April 23, 2021, Plaintiff's appeal was dismissed without prejudice and without costs. (D.E. 8.); and

**WHEREAS** on June 21, 2022, Plaintiff submitted a Motion to Reinstate in which he alleged that he had moved to Peru and "lost track of where things stood" with the instant Appeal, and he requested that this Court reinstate the matter. (D.E. 11 at 5.); and

**WHEREAS** the Appeals Council issued its decision on April 9, 2020, thereby denying Plaintiff's request for review, and Plaintiff is presumed to have received the decision by April 14, 2020. (*See* D.E. 1 at 3, 5, 9, 19; *see also Abulkhair*, 355 Fed. Appx. at 605.) Pursuant to 42 U.S.C. § 405(g), Plaintiff needed to file an appeal no later than June 13, 2020 to comport with the sixty-day time limit for filing an appeal plus presumed five-day window for receipt of the decision, or contact the Appeals Council to request more time to file. (*See* D.E. 1 at 7 (document Plaintiff

---

[2] The supporting documents in Plaintiff's Complaint show that Plaintiff sent a package to the U.S. Attorney's Office in Newark on June 9, 2020, but he did not file his appeal with this Court until September 24, 2020. (D.E. 1 at 1–4, 13, 15 (Plaintiff dated the submission September 20, 2020, but it was not filed until September 24, 2020.).)

appended to his Complaint explaining the process for filing an appeal or requesting an extension of time to appeal).) Plaintiff filed the Complaint 163 days after he is presumed to have received the Appeals Council's decision. (*See* D.E. 1.) Plaintiff failed to file the appeal within the sixty-day time limit, and this instant Motion to Reinstate additionally far exceeds the sixty-day time limit—in fact, it exceeds the time limit by over two years. (*See* D.E. 11 (Motion to Reinstate filed on June 21, 2022).) Plaintiff having failed to comport with the time limit for appeal, pursuant to 42 U.S.C. § 405(g),

**IT IS, on this 29th day of June, 2022**,

**ORDERED** that Plaintiff's Motion to Reinstate a Previously Terminated Appeal is **DENIED**.

**SO ORDERED**.

          /s/ Susan D. Wigenton
      **United States District Judge**

Orig:   Clerk
cc:     Parties